IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-40-FL

| | |
|---|---|
| IRENE HITCHENS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | ORDER |

This matter comes before the court on the parties' cross motions for judgment on the pleadings. (DE 24, 29). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. issued a memorandum and recommendation ("M&R"), (DE 32), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R, (DE 37), and defendant's response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons discussed herein, the court adopts the M&R and grants defendant's motion.

**BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on July 23, 2010. A hearing was held before an Administrative Law Judge ("ALJ") on August 23, 2012, who denied plaintiff's application on October 17, 2012. The Appeals Council denied review on January 16, 2013. Plaintiff filed a complaint in this court seeking review of the final administrative decision on March 12, 2013. (DE 7).

**DISCUSSION**

**A.     Standard of Review**

This court has jurisdiction to review the Commissioner's final decision denying benefits under 42 U.S.C. § 405(g) . In conducting this review, the court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "[Substantial evidence] means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process. This five-step process asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. In step one, the ALJ found that plaintiff was no longer engaged in substantial gainful employment. (Tr. 13). At step two, the ALJ found that plaintiff had the following severe medical impairments: chronic lower back pain due to spondylosis and sacroiliitis, obesity, and chronic pain syndrome. (Id. at 13-14). The ALJ also considered plaintiff's complaints of depression and anxiety, but found that neither was severe. (Id.). At step three, the ALJ determined that plaintiff's severe impairments were not enough, individually or in combination, to meet or medically equal one of the listed impairments in the regulations. (Id. at 15).

Prior to proceeding to step four, the ALJ determined that plaintiff had residual functional capacity ("RFC") to perform "light work," subject to the following restrictions: a sit/stand option if unable to change position fewer than every 30 minutes; no more than occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and/or crawling; no climbing of ladders, ropes or scaffolding; no concentrated exposure to workplace hazards, such as unprotected heights and

3

Case 7:13-cv-00040-FL   Document 38   Filed 12/09/14   Page 3 of 10

moving machinery; performance of simple, routine, and repetitive tasks only. (Id. at 16). At step four, the ALJ found that plaintiff did not have the RFC to perform her past relevant work. (Id. at 20). At step five, upon consideration of plaintiff's age, education, work experience, and RFC, in addition to the testimony of plaintiff's vocational expert ("VE"), the ALJ concluded plaintiff was capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (Id. at 21-22). Accordingly, the ALJ determined plaintiff had not been under a disability, as defined in the Social Security Act, during the relevant time period. (Id. at 22).

**B.     Analysis**

Plaintiff raises six objections to the M&R. Plaintiff argues that: (1) the ALJ erred by treating certain opinions as merely medical "evidence" rather than "medical opinions;" (2) the ALJ erred by not giving certain medical evidence heightened weight; (3) the ALJ erred by not performing a function-by-function review of plaintiff's impairments; (4) the ALJ's RFC determination was not supported by substantial evidence; (5) the ALJ's failed to discuss the impact of her depression and anxiety in his RFC determination; and (6) the ALJ failed to ask plaintiff's VE appropriate hypothetical questions. The court addresses plaintiff's arguments in a somewhat different order than presented by plaintiff.

**1.     Weighing and Evaluating Medical Opinions.**

Plaintiff that the ALJ failed to consider properly as "medical opinions" evidence submitted by three medical professionals who treated plaintiff for physical impairments. The evidence includes reports authored by plaintiff's treating physician, Dr. Aaron Gootman; Leslie Oxendine, a nurse practitioner, and Jennifer Graham, a physician's assistant.

4

The ALJ must weigh and evaluate all medical opinions received, regardless of the source. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ must state and give specific reasons for the weight given to a medical opinion. SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996). "Medical opinions" are "statements from physicians and psychologist or other acceptable medical sources that reflect judgments about the nature and severity of [claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Opinions may be provided by licensed doctors, licensed or certified psychologists, nurse practitioners, physician's assistants, naturopaths, chiropractors, audiologists, and therapists. See § 404.1513(a)(1) & (d)(1).

None of the reports submitted by plaintiff are "medical opinions," as contemplated by the regulation, because they do not contain statements that reflect "judgments about the nature and severity of [plaintiff's] impairments." Nor do they provide information about plaintiff's abilities or restrictions. Each document notes plaintiff's current problems, provides a brief diagnosis, and lists of recommended treatments and prescriptions. None of the reports provide any conclusions as to plaintiff's abilities, limitations, or how long plaintiff's impairments can be expected to last. Thus, the reports submitted by plaintiff do not meet the definition of "medical opinions" under the regulation.

Nor do the conclusory diagnoses in the reports constitute "medical opinions." See Phillips v. Colvin, No. 3:13-CV-00307-MOC, 2014 WL 1713788, at *6 (W.D.N.C. Apr. 30, 2014) ("As such note does not contain any medical conclusion or opinion concerning the impact of such diagnosis – either by expressing an opinion as to the impact on plaintiff's ability to do work-related activities or perform daily activities – such is not a medical opinion within the meaning of 20 C.F.R. §

5

416.927(a)(2)."); Money v. Astrue, No. 5:09CV42-RLV-DSC, 2009 WL 7449241, at * 7 (W.D.N.C. Dec. 9, 2009) ("[T]he mere fact that Plaintiff was diagnosed with certain impairments is insufficient to prove disability and says nothing about the severity of the impairments."); see also Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("Several of the doctors who examined Gross suggested that he might have a psychological disorder, specifically, conversion disorder, hypochondriasis, or alcoholism. However, a psychological disorder is not necessarily disabling. There must be a showing of related functional loss.").

To the limited extent the conclusory diagnoses contained in these reports constitute medical opinions, however, the ALJ's failure to address them as such is harmless error. See Bishop v. Comm'r of Soc. Sec., ___ F. App'x ___, 2014 WL 4347190, at * 2 (4th Cir. Sept. 3, 2014). The ALJ discusses Gootman's treatment notes at length, as well as other objective medical evidence bearing on their accuracy, including plaintiff's ability "to obtain some relief from pain with medication and other procedures." (Tr. 19). Further, the ALJ also discusses diagnoses and treatments provided by Oxendine and Graham. (Tr. 18). He notes that plaintiff's last reported visit with Graham "showed a full range of motion in the extremities, with normal music strength, normal gait, and normal posture." In sum, despite not explicitly weighing the records at issue, the court can infer from the ALJ's opinion that he relied on them in making the RFC determination.

Relatedly, plaintiff objects to the ALJ's failure to give these putative medical opinions "heightened weight." As none of the reports provided by plaintiff are medical opinions, the ALJ did not err in not explicitly affording the reports heightened weight. Moreover, as discussed, to the limited extent these reports do constitute "medical opinions," the failure to explicitly state the weight given to each opinion is harmless error. The ALJ discusses the reports at issue and concludes

6

plaintiff's pain is well controlled and that she has a full range of motion. (Tr. 18-19). Thus, the ALJ committed harmless error by not explicitly weighing these opinions where the reports were consistent with the RFC determination and relied on by the ALJ in making his decision.

### 2. RFC Determination

Several of plaintiff's objections concern the ALJ's RFC determination. Plaintiff first argues the ALJ's determination she could perform "light work" is not supported by substantial evidence. Second, plaintiff argues that the ALJ erred by not discussing her depression and anxiety. Finally, plaintiff argues the ALJ's failure to perform a function-by-function analysis of her severe impairments constitutes reversible error.

The ALJ's RFC determination is supported by substantial evidence. Plaintiff's pain control generally varied between "good" and "slightly uncontrolled." (Tr. 257-69). Instances during which plaintiff's pain was more severe occurred only when plaintiff was not taking her medication regularly. (Tr. 261). Moreover, plaintiff is "able to walk two blocks, stand for one hour, lift twenty pounds, and climb at the most five steps." (Tr. 207). Plaintiff can "walk, bend, stoop, squat, rise, sit, and stand," indicating she has a full range of motion. (Tr. 209). On a "typical day" plaintiff "[k]eep[s] house, cook[s], [and] wash[es] clothes." (Tr. 311). Given plaintiff's pain control, range of motion, and daily activity, the court cannot conclude that the ALJ's RFC determination is not supported by substantial evidence.

The court next turns to the effect of plaintiff's depression and anxiety on the ALJ's RFC determination. Plaintiff argues the ALJ erred by not accepting evidence offered by Myra Robinson, a licensed professional counselor and national certified counselor, and Margaret Davis, a family nurse practitioner, to establish depression, anxiety, and headaches as impairments. However, under

7

the regulations, nurse practitioners, physician's assistants, therapists, such as Robinson and Davis may not "provide evidence to establish an impairment," but may be used only to demonstrate the severity of an already existing impairment. 20 C.F.R. § 404.1513(a); see also SSR 06-03P, 2006 WL 2329939, at *2. Plaintiff provided no reports from a licensed physician or psychologist to establish the existence of these impairments. Thus, the reports of Robinson and Davis cannot establish the existence of depression, anxiety, and headaches and were not required to be considered as evidence of such.

In any event, the ALJ does discuss depression and anxiety and there is substantial evidence to support the ALJ's determination that plaintiff's symptoms were not impairments, as defined by the Social Security Act. An impairment must be "expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1). Plaintiff began seeking treatment for her depression and anxiety in July 2012, within one month of plaintiff's August 23, 2012, hearing. (Tr. 243-56). Plaintiff testified that her depression and anxiety were "relatively new." (Tr. 321). Additionally, by the time of the hearing plaintiff's depression and anxiety had improved. (Tr. 314). Immediately prior to seeking treatment, plaintiff separated from her husband, which was identified as a major cause of her symptoms. (Tr. 255; 313). However, at the time of the hearing, plaintiff had reconciled with her husband and moved back home. (Tr. 311). Lastly, plaintiff's symptoms caused no functional limitations, and her testimony indicated signs of improvement. (Tr. 313-14; 321). Thus, the ALJ's decision not to treat plaintiff's depression or anxiety as impairments is supported by substantial evidence.

The court next turns to plaintiff's argument that the ALJ committed error by failing to engage in a function-by-function analysis of the functional limitations created by plaintiff's symptoms for

8

Case 7:13-cv-00040-FL   Document 38   Filed 12/09/14   Page 8 of 10

chronic pain syndrome under 20 C.F.R. § 404, Subpt. P., App. 1, §§ 12.07A1-3 & 12.07B, and lower back pain under 20 C.F.R. § 404, Subpt. P., App. 1, §§ 1.02 & 1.04. "Failure to articulate a function-by-function analysis is harmless error where the ALJ's ultimate finding is supported by substantial evidence in the record." Broussard v. Colvin, No. 5:21-CV-398-FL, 2013 WL 5370592, at *3 (E.D.N.C. Sept. 24, 2013) (quoting Mascio v. Colvin, No. 2:11-CV-65-FL, 2013 WL 3321577, at *3 (E.D.N.C. July 1, 2013)). In cases where the ALJ's conclusion is supported by substantial evidence, the ALJ may provide only a narrative discussion of plaintiff's symptoms and medical source opinions. Broussard, 2013 WL 5370592, at *3. In the instant case, the ALJ provided a narrative description of plaintiff's symptoms and the submitted medical opinions, and his findings are supported by substantial evidence. Therefore, remand for further explanation of plaintiff's RFC is not required. See Bishop, ___ F. App'x ___, 2014 WL 4347190, at *2.

### 3.     Questioning of Plaintiff's VE.

Plaintiff argues that the ALJ's second hypothetical question did not include all her impairments and limitations. The hypothetical question at issue asked the VE to "assume that the individual . . . described . . . [also suffers from] the pain that [plaintiff is] in and the difficulty [plaintiff] has being on her feet and the trouble with [plaintiff's] legs and then also the mental health issues that [plaintiff is] now taking medication for" and determine if that individual could find employment that existed in significant numbers in society. (Tr. 330).

Plaintiff contends that the hypothetical question did not address properly the impairments and symptoms stemming from her chronic lower back pain and chronic pain syndrome. The transcript indicates, however, that the VE was instructed to consider plaintiff's pain, the difficulty

9

plaintiff has being on her feet, and the trouble she was experiencing with her legs. (Tr. 330). The hypothetical thus took into account plaintiff's pain-related symptoms.

Plaintiff also argues that the hypothetical question should have included the limitations caused by plaintiff's depression and anxiety. However, as discussed above, plaintiff must submit acceptable medical evidence in order to establish the existence of an impairment. See 20 C.F.R. § 404.1513(a)(1). There is no evidence in the record sufficient to establish the existence of depression or anxiety. Thus, it was not in error for the ALJ to exclude limitations caused by depression and anxiety from his hypothetical question.

Therefore the court finds the ALJ's second hypothetical was proper. Plaintiff's final objection is accordingly overruled.

## CONCLUSION

Based on *de novo* review of the portions of the M&R to which specific objections were raised, and considered review to the remainder thereof, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion, (DE 24), GRANTS defendant's motion, (DE 29), and upholds the final decision of the Commissioner. The clerk is DIRECTED to close this case.

SO ORDERED this the 9th day of December, 2014.

LOUISE W. FLANAGAN
United States District Judge